JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DON YOUNG, an individual, | ) | CASE NO. CV 18-1953-R |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' |
| v. | ) ) | MOTION FOR TERMINATING AND MONETARY SANCTIONS PURSUANT |
| O'REILLY AUTOMOTIVE STORES, INC., a Missouri Corporation; et al., | ) ) ) | TO FRCP 37 |
| Defendants. | ) ) | |

    Before this Court is Defendant's Motion for Terminating, Evidentiary, and Monetary Sanctions Pursuant to Federal Rules of Civil Procedure 37 (Dkt. No. 13), which was filed on September 6, 2018, and Defendant's Motion for Summary Judgment (Dkt. No. 16), which was filed on September 17, 2018. Having been thoroughly briefed by both parties, this Court took the matters under submission on October 10, 2018.

    Federal Rule of Civil Procedure ("FRCP") 37(d)(1)(A)(i) provides that, "The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for the person's deposition." Further, FRCP 37(d)(3) provides the types of sanctions available when a party fails to appear for his deposition and are further listed in 37(b)(2)(A)(i)-(vi). Among the sanctions available are terminating and evidentiary sanctions. The sanctions available to the district court are discretionary. *See United States v. Sumitomo Marine &*

*Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980). Instead of, or in addition to, the sanctions imposed, FRCP 37(d)(3) provides that the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was not substantially justified, or other circumstances make an award of expenses unjust. When it has been determined that a party has willfully failed to comply with discovery, it is within the discretion of the trial court to dismiss the action. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976). Dismissal is a proper sanction under Rule 37(d) for a party's failure to appear for his own deposition. *See Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3rd Cir. 1980).

Here, throughout the discovery phase, Plaintiff failed repeatedly to comply with the FRCP and this Court's Local Rules. On two occasions, June 28, 2018 and August 8, 2018, Defendant's counsel conferred with Plaintiff's counsel and set Plaintiff's deposition for a date that everyone was available, including the Plaintiff. However, on both occasions, Plaintiff's counsel contacted Defendant's counsel the day before each scheduled deposition and stated that Plaintiff would not appear for his deposition but gave no reason for his unavailability other than that he was out of town. On September 4, 2018, Plaintiff's counsel notified Defendant's counsel that he was finally able to communicate with Plaintiff via text message and the parties agreed to schedule Plaintiff's deposition for September 7, 2018, leaving 10 days before the discovery cutoff and only 2-days' notice to prepare. This timing did not allow Defendant to conduct any follow up discovery, depose additional key witness identified by Plaintiff, and Defendant is thus unable to adequately prepare for trial. In addition, Plaintiff served his initial disclosures pursuant to FRCP 26(a)(1) nearly two months late and less than 30-days prior to the discovery cutoff date. Finally, Plaintiff served Defendant with his initial expert disclosures almost three weeks late and failed to respond to Defendant's request for Plaintiff's counsel's availability for an in-person meet and confer pursuant to Local Rule 16-2 prior to the final pretrial conference. Plaintiff's repeated failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules is inexcusable, and dismissal for such conduct is warranted pursuant to FRCP 37(b)(2)(A)(v). Therefore, Defendant's Motion for Terminating Sanctions is GRANTED.

1    Pursuant to FRCP 37(d), the district court may require an attorney "to pay the reasonable
2    expenses, including attorneys' fees, caused by the failure" of its client to appear at a properly
3    noticed deposition, "unless the court finds that the failure was substantially justified or that other
4    circumstances make an award of expenses unjust."  The burden of showing substantial
5    justification and special circumstances is on the party being sanctioned.  *Falstaff Brewing Corp. v.*
6    *Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983).

7    Here, Plaintiff failed to appear for two properly noticed depositions. Defendant incurred
8    approximately $1,744 in attorney's fees and costs relating to Plaintiff's non-appearance.  In
9    addition, Defendant incurred $7,749 in attorney's fees meeting and conferring pursuant to Local
10   Rule 37-1 regarding Plaintiff's failure to timely participate in discovery, drafting the motion for
11   sanctions pursuant to FRCP 37, and drafting the joint stipulation pursuant to Local Rule 37-2.  The
12   attorney's fees and costs requested are reasonable, and Plaintiff has failed to show substantial
13   justification and special circumstances to excuse his neglectful conduct.  While Plaintiff argues
14   that his non-appearance at his deposition and failure to comply with discovery deadlines was
15   unavoidable because Plaintiff allegedly became homeless in June 2018, had his phone shut off,
16   and had to leave California for Tennessee due to a family emergency, Plaintiff does not submit
17   any evidence (such as a declaration from Plaintiff) to support this argument. At Plaintiff's
18   deposition in September 2018, Plaintiff testified that over the past year he has lived at a family
19   member's house or at a Downtown Los Angeles Mission and that he had a P.O. Box where he
20   received mail.  During Plaintiff's deposition he never mentioned that he had to go to Tennessee for
21   a few months in the summer of 2018 for a family emergency.  Ultimately, Plaintiff has failed to
22   show substantial justification and special circumstances to excuse his non-appearance and failure
23   to timely participate in discovery.  As a result, Defendant's Motion for Monetary Sanctions is
24   GRANTED and Defendant is entitled to $9,493.
25   ///
26   ///
27   ///
28   ///

3

1       **IT IS HEREBY ORDERED** that Defendant's Motion for Terminating Sanctions and

2 Monetary Sanctions is GRANTED.  (Dkt. No. 13).

3       **IT IS HEREBY FURTHER ORDERED** that Defendant's Motion for Summary

4 Judgment is MOOT.  (Dkt. No. 16).

5 Dated: October 23, 2018.

                                                         MANUEL L. REAL
                                      UNITED STATES DISTRICT JUDGE

4